UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD MOKHTAR AHMED,

                Plaintiff,

-against-

JOHN MILLER, NYPD, Deputy Commissioner of Intelligence and Counterintelligence, in his official Capacity; UNIDENTIFIED NYPD INTELLIGENCE BUREAU OFFICERS, in their official capacity,

                Defendants.

21-CV-8637 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On October 26, 2021, the Court transferred the matter to the United States District Court for the Eastern District of New York. (ECF No. 4.) On December 26, 2021, the Court received from Plaintiff a motion requesting that the Court reconsider its October 26, 2021 order. (ECF No. 5.) Because this Court no longer has jurisdiction over the action, Plaintiff must make any motion challenging the transfer order in the Eastern District of New York. All other requests must also be made in the Eastern District of New York.

## DISCUSSION

      The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Eastern District of New York on October 26, 2021, and the Clerk of Court electronically transferred the case to the Eastern District of New York on the same date. On November 2, 2021, the Court received an email notification from the Eastern District of New York acknowledging receipt of the case and their assignment of docket number 21-CV-6086. On December 26, 2021, approximately two months later, Plaintiff filed his motion seeking reconsideration. Because this Court no longer has jurisdiction over the action, if Plaintiff wishes to challenge the transfer, he must do so in the Eastern District of New York. Any other relief that Plaintiff seeks must also be requested in the Eastern District of New York. The Court denies Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

Plaintiff's request for reconsideration (ECF No. 5) is denied. The Clerk of Court is directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge